# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-30776
Summary Calendar

THERON CARR

Plaintiff - Appellant

v.

MURPHY OIL USA INC

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-1794

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Theron Carr alleged claims of race discrimination under Title VII of the Civil Rights Act and Louisiana law against Defendant-Appellee Murphy Oil USA, Inc.  Carr says that he was terminated from his employment with Murphy because he is African-American.   The district court granted summary judgment to Murphy, holding that Carr had not made out a prima facie case for discrimination.  Carr now appeals.  We affirm the judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the district court because Carr has not shown that there is a disputed fact issue as to whether he was qualified for the position he held with Murphy.

1. We review the district court's grant of summary judgment de novo. Texas Indus., Inc. v. Factory Mut. Ins. Co., 486 F.3d 844, 846 (5th Cir. 2007). Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

2. To establish a prima facie case of discrimination on the basis of race or national original under Title VII, Carr must show that he was: (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated. Abarca v. Metro. Transit Auth., 404 F.3d 938, 941 (5th Cir. 2005). Because the standards governing Carr's discrimination claim under Louisiana law are substantively similar to those governing his Title VII claim, the outcome of Carr's claims will be the same under the federal and state statutes. McCoy v. City of Shreveport, 492 F.3d 551, 556 n.4 (5th Cir. 2007). We therefore analyze the issues only under Title VII.

3. The district court held that Carr had not shown a material fact issue as to whether he was qualified for the job of Platform Operator, an essential element of Carr's prima facie case under Title VII. We agree with this conclusion. After his hiring, as part of Murphy's training program for new employees Carr was required to complete classroom training and on-the-job training. After completing his classroom training, Carr was fired after he failed to show sufficient progress during his on-the-job training period. During this period, trainees are given written tests and walkthrough tests. After four

weeks of training, Carr had only passed one of the tests, with the minimum passing score of 80% achieved on his second attempt, and he had failed four other tests. On one test, he received a 32%. Murphy says and Carr admits that the knowledge tested on these exams is essential for the Platform Operator position. In addition to failing these tests, there is evidence that multiple supervisors thought Carr was having trouble grasping the knowledge necessary to perform his job.

Carr says that no other trainee has been fired from Murphy for failing tests during the on-the-job training period. But he has not produced any evidence showing that trainees in the same position as Carr, with as many or as low failing scores, were not terminated. Furthermore, he has not presented any credible evidence showing that he was qualified for the Platform Operator position.

AFFIRMED.